MR. JUSTICE MORRISON,
dissenting:
There are several close evidentiary questions in this case. The trial court gave careful attention to the arguments of counsel and where at all possible I believe this Court should defer to the discretion of the trial court when discretion can be legitimately engaged.
I must dissent with respect to one evidentiary ruling which was clearly erroneous. R.F.’s charge against Bratcher was dismissed and I do agree with the majority opinion that such dismissal, standing by itself, does not show the charges were demonstrably false. I also agree that the charges may *299 have been dismissed at the insistence of complainant’s mother because the mother did not want R.F. to experience the trauma of trial. Again, this does not show the charges were false.
The majority opinion then goes on to gloss over the critical issue with respect to the admissibility of R.F.’s charges against Bratcher. The majority states:
“Similarly, the existence of medical testimony in the instant case that R.F. had never experienced intercourse does not prove the falsity of the prior charges. Bratcher had been charged with sexual assault, not sexual intercourse without consent, and R.F.’s equivocal statements about what she had experienced are not probative of the truth or falsity of the charge against Bratcher.”
This statement may seem innocuous when read casually. However, the statement is misleading because R.F.’s charges against Bratcher were not equivocal statements. Additionally, the majority opinion fails to specifically address the real issue because defendant’s position cannot be persuasively answered.
The facts here are simple. R.F., the complainant against Roger Anderson, had previously charged one Bratcher with sexual assault. Her complaint against Bratcher stated that Bratcher had engaged her in numerous acts of sexual intercourse. The medical testimony established that R.F. had never had sexual intercourse. Defendant sought to introduce the false charges R.F. made against Bratcher to demonstrate that R.F. was lacking in credibility. The evidence would have prejudiced R.F. but was so probative on the issue of R.F.’s credibility that the trial court clearly committed error in denying admission of the evidence.
The majority, without ever telling us what charges R.F. made against Bratcher, simply passes them off as “equivocal statements.” In all fairness I must set forth at least one of these “equivocal statements” as illustrative to show that R.F.’s previous charges against Bratcher were demonstrably false and were admissible in the trial of Roger Anderson. In *300 chambers, during argument on the admissibility of this evidence, defense counsel presented to the trial court the following excerpt from R.F.’s statement against Bratcher. She was being interrogated by law enforcement. She was asked:
“Let’s go back to this apartment by your grandmother’s now. When he asked you to go into the apartment, exactly what happened the last time?”
R.F. responded:
“We got on and he stuck his thing in me.”
The medical evidence clearly showed. R.F. was previously chaste. Her charge against Bratcher was demonstrably false. The evidence should have been admitted to impeach her credibility.
I do not feel that any one justice always knows the right answer. In fact, most of the questions presented to this Court are close questions which do not compel a certain resolution. Although a dissenting justice may feel strongly the majority has gone astray, judicial lectures not necessary to issue resolution are inappropriate and should be avoided.
Having filed this judicial caveat, I feel compelled here to regard my own admonition. The majority of this Court has become far too “result oriented” in deciding criminal cases. Significant evidentiary and constitutional errors are avoided as the majority expeditiously moves to affirm the conviction. State v. McKenzie (1981), 38 St.Rep. 1745; State v. Arrow Weinberger (1983), [204 Mont. 278,] 665 P.2d 202, 40 St.Rep. 844; State v. Gratzer (1984), [209 Mont. 308,] 682 P.2d 141; 41 St. Rep. 727; State v. Sigler (1984), [210 Mont. 248,] [688 P.2d 749,] 41 St.Rep. 1039.
I do not believe the majority is pandering to the editors and commentators who believe the courts are hypertechnical, or to the majority’s “law and order” constituency. Rather I believe my brothers who avoid pivotal issue confrontation do so because of a subconscious desire to see the “guilty” pay for their misdeeds. The temptation to so yield is, at times, almost irresistible. However, as justices sworn to uphold the Constitution and the laws of this State, we *301 cannot afford the luxury of indulging our sense of justice. Justice is for juries. Our role is to see that the law is properly applied. The present inclination to do justice arises from a sense of judicial divinity and the result is to elevate seven philosopher kings to a position above the law.
Members of our Court have, by way of dissent, been termed “intellectually dishonest.” I find that expression inappropriate to adequately impart the intensity of my opposition to what seems a clear abrogation of judicial responsibility. Even though the majority has undoubtedly acted in good faith, failure to fully and accurately present the record and discuss the legal issues is, in my opinion, in derogation of the constitutional responsibilities of this office.